IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMIE V. ANZUALDA,

                Petitioner,

v.

STATE OF WISCONSIN,

                Respondent.

OPINION and ORDER

23-cv-324-wmc[1]

---

Jimmie V. Anzualda, appearing pro se, is a prisoner at New Lisbon Correctional Institution. He brings a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1987 convictions for second-degree intentional homicide and possession of a firearm by a felon. Dkt. 1.

The next step is for the court to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must accept the allegations as true and construe them generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss the petition because my review shows that Anzualda has already brought a habeas petition about this conviction, and he has not received permission to file a second or successive petition.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. Not every prior petition "counts" as a prior application for relief, but "a prior untimely petition does count because a statute of limitations bar . . . operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam); *see also Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits."). In 2006, Anzualda filed a habeas petition in the Eastern District of Wisconsin that the court denied as untimely after briefing from the parties. *Anzualda v. Wallace*, Case No. 06-C-1317, 2007 WL 1466823, at *1, 5 (E.D. Wis. May 4, 2007). Because that dismissal counts as a prior petition, the instant petition is a second or successive one requiring authorization by the Court of Appeals for the Seventh Circuit.

My review of court records shows that Anzualda has not obtained approval from the court of appeals to pursue his latest petition. If Anzualda believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the court of appeals. I have no authority to consider his petition until that court gives its approval. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Reasonable jurists would not disagree that I do not have jurisdiction to address this petition, so I will not issue Anzualda a certificate of appealability.

## ORDER

IT IS ORDERED that:

1. Petitioner's petition for writ of habeas corpus, Dkt. 1, is DISMISSED for lack of jurisdiction.

2. Petitioner is DENIED a certificate of appealability. If he wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered May 23, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge